Filed 7/22/21  In re T.A. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re T.A., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>T.A.,<br><br>        Defendant and Appellant. | E076427<br><br>(Super.Ct.No. J286787)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed in part; reversed in part and remanded with directions.

Lelah S. Fisher, under appointment by the Court of Appeal, for Defendant and Appellant.

Michelle D. Blakemore, County Counsel, and David Guardado, Deputy County Counsel, for Plaintiff and Respondent.

1

Defendant and appellant T.A. (father) challenges a juvenile court's finding that the San Bernardino County Children and Family Services (CFS) exercised due diligence in conducting an investigation "to identify, locate, and notify" relatives of the removal of his child, T.A. (the child). (Welf. & Inst. Code,[1] § 358, subd. (b)(2).) We reverse the court's due diligence finding and remand the matter for further proceedings. In all other respects, we affirm the judgment.

## PROCEDURAL BACKGROUND

On September 29, 2020, CFS filed a section 300 petition on behalf of the child, who was two years old at the time. The petition alleged that the child came within the provisions of section 300, subdivisions (b) (failure to protect), (d) (sexual abuse), and (g) (no provision for support). Specifically, the petition alleged that the child's mother, L.B. (mother),[2] had mental health issues and was on a section 5150 hold at a hospital, that father and mother (the parents) had substance abuse problems and failed to supervise the child, that father sexually abused another child, and that father's current whereabouts were unknown.

The court held a detention hearing on September 30, 2020. Mother was present and said father was the biological father of the child. Mother filled out a Family Find and ICWA (Indian Child Welfare Act) Inquiry form. She provided relative

---

[1] All further statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

[2] Mother is not a party to this appeal.

2

information, including the names and phone numbers of the child's brother, J.B., and stepfather, M.D. (mother's ex-husband), and stated she had no Indian ancestry. The court detained the child in foster care.

*Jurisdiction/Disposition*

The social worker filed a jurisdiction/disposition report on October 16, 2020, recommending that the court sustain the petition and transfer the case to Los Angeles County for disposition since mother lived in that county. Mother reported that father was a registered sex offender. The social worker attempted to contact him via a phone number provided, but it was no longer in service. The social worker spoke with a maternal aunt, L.V., who said she was the closest relative that could take the child, and she lived in Washington.

The court held a jurisdiction/disposition hearing on October 21, 2020. The parents were not present. The social worker had made efforts to locate father but was unable to do so. The court declared the child a dependent under section 300, subdivisions (b) and (d), and continued the hearing to November 4, 2020.

On November 4, 2020, the court held a hearing, and father was present. He said he did not have an address and was staying with different friends. He filled out a Family Find and ICWA Inquiry form and listed the child's two (presumably adult) sisters, M.A., and J.A., as potential relatives for the child's placement and provided their contact information. He also listed the paternal grandmother's name and contact information but did not request placement with her. At the hearing, father specifically requested M.A. to be assessed for placement of the child. Mother's counsel indicated

3

that she was planning on moving to San Bernardino County and wanted to talk to the social worker about that. The court continued the matter since the information was "fluid."

The social worker filed a disposition report on November 23, 2020, and recommended that reunification services be provided for mother, but not for father, since he was a registered sex offender. (§ 361.5, subd. (b)(16).) The social worker reported that father had not made himself available to be interviewed. She called and texted him multiple times, but he had not contacted her. The social worker further reported that the parents did not provide any relatives to be assessed for placement. However, she also stated that the maternal aunt who lived in Washington asked for placement; thus, CFS needed to start the Interstate Compact on the Placement of Children (ICPC) process. Nonetheless, the social worker recommended that the court find there were no known relatives available for a concurrent planning home placement, and that the county agency had exercised due diligence to identify, locate, and contact the child's relatives, except for individuals it determined to be inappropriate to contact because of their involvement with the family or domestic violence.

The court held a disposition hearing on December 2, 2020, but continued the hearing since father had not received notice of the recommendation to bypass his reunification services. County counsel noted that father was homeless and stated that CFS would do what it could to notice him.

4

The next hearing was held on January 12, 2021. The parents were present with counsel. Father objected to the recommendation to bypass his services, stating that he believed he was capable of completing services and that he could be a safe father to the child. He also requested supervised visitation. The court adopted the recommended findings and orders and ordered services for mother. It bypassed father's services and did not see any good cause to give him visits with the child. It then set a six-month status review hearing.

## DISCUSSION

### The Record Does Not Contain Substantial Evidence to Support the Court's Finding That CFS Exercised Due Diligence to Contact the Child's Relatives

Father challenges the court's finding that CFS exercised due diligence in identifying, locating, and contacting the child's paternal relatives to notify them of her removal and explain the options they have to participate in her care and placement. (§§ 358, subd. (b)(2), 309, subd. (e)(1).) CFS concedes the record does not contain substantial evidence that it complied with the requirements of section 309, subdivision (e)(1). We agree.

A. *Standard of Review*

The question of whether CFS exercised due diligence in conducting the investigation, as required by section 309, subdivision (e)(1), to identify, locate, and notify the child's relatives is primarily a factual matter that considers the agency's efforts and is appropriately reviewed under the substantial evidence standard. (*In re S.K.* (2018) 22 Cal.App.5th 29, 36-37 (*S.K.*).) Thus, we "examine the whole record

5

and ask whether any substantial evidence, contradicted or uncontradicted, supports the court's finding, indulging all reasonable inferences in support of it." (*Id.* at p. 37.)

B. *There is No Evidence to Support the Court's Due Diligence Finding*

When CFS initially removes a child, the social worker, within 30 days, must conduct an investigation to identify and locate adult relatives of the child. (§ 309, subd. (e)(1).) The social worker must use due diligence in this investigation. (§ 309, subd. (e)(3).) "Adult relatives" includes "all grandparents, parents of a sibling of the child . . . adult siblings, other adult relatives of the child… [and] other adult relatives suggested by the parents." (§ 309, subd. (e)(1).) CFS must give any adult relatives that it locates written notice of the child's removal and an explanation of the options to participate in the care and placement of the child. (§ 309, subd. (e)(1)(A), (B).)

"Later, if the court removes the child from the parents' custody at the disposition hearing, it 'shall make a finding as to whether the social worker has exercised due diligence in conducting the investigation . . . to identify, locate, and notify the child's relatives.' " (*S.K.*, *supra*, 22 Cal.App.5th at p. 37; see § 358, subd. (b)(2); accord, Cal. Rules of Court, rule 5.695(e)(1).)

Here, the court had father complete a Family Find and ICWA Inquiry form, which asked him to list his first and second choice for relative placement. He listed the name, address, and phone number of the child's (presumably adult) sister, M.A., and the name and phone number of another sister, J.A. He also listed the name, phone number, and partial address of the child's grandmother. When father appeared on November 4, 2020, he requested that M.A. be assessed for placement. However, as

6

CFS concedes, the record does not contain any information indicating that the social worker followed up on this information or made any efforts to reach out to these relatives. In other words, despite knowing the names and addresses of these paternal relatives, CFS apparently failed to provide them with the written notice of the child's removal and an explanation of the options to participate in the care and placement of the child, as mandated by the statute. (§ 309, subd. (e)(1)(A), (B).) We note the social worker's recommendation that the court find there were no known relatives available for a concurrent planning home placement, and that the county agency had exercised due diligence to identify, locate, and contact the child's relatives. However, there were known paternal relatives, and there was no evidence that CFS made efforts to locate or contact them. Therefore, there was insufficient evidence to support the court's finding that CFS exercised due diligence in identifying, locating, and contacting the child's relatives.

C. *The Matter Should Be Remanded with Directions*

Father requests this court to reverse the juvenile court's finding that CFS exercised due diligence to identify, locate, and contact the child's relatives, and remand the matter with directions for the court to ensure CFS complies with its duties under section 309, subdivision (e). CFS agrees that we should reverse the court's due diligence finding and remand the matter, but simply "for further proceedings." It contends that father's request for us to direct the court, on remand, to ensure CFS complies with its duties under section 309, subdivision (e), "runs contrary to the established procedure in the law that the juvenile court is permitted, but not required,

7

to order the Department to exercise due diligence in conducting an investigation to identify, locate, and notify the child's relatives." California Rules of Court, rule 5.695(e)(2) provides that, when a court finds the social worker has not used due diligence, it "may order the social worker to exercise due diligence in conducting an investigation to identify, locate, and notify the child's relatives . . . and may require a written or oral report to the court."

Given that the social worker undisputedly failed to comply with its statutory duty under section 309, we reverse the juvenile court's finding that CFS exercised due diligence in identifying, locating, and contacting the child's relatives. We further remand the matter for the purpose of the social worker conducting such investigation. Accordingly, we direct the court to order CFS to comply with the requirements of section 309, subdivision (e)(1), and conduct an investigation to identify and locate adult relatives of the child—specifically, the adults identified by father (M.A. and J.A.)—and give any adult relatives it locates written notice of the child's removal and an explanation of the options to participate in the care and placement of the child. (§ 309, subd. (e)(1)(A), (B).)

DISPOSITION

We reverse the juvenile court's finding under section 358, subdivision (b)(2), that CFS exercised due diligence in identifying, locating, and contacting the child's relatives to notify them of her removal and explain the options they have to participate in her care and placement. We further remand the matter with directions for the court to order CFS to comply with the requirements of section 309, subdivision (e)(1), and

8

conduct an investigation to identify and locate adult relatives of the child (specifically M.A. and J.A.) and give any adult relatives it locates written notice of the child's removal and an explanation of the options to participate in the care and placement of the child.  In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                                                    J.


We concur:


MILLER
                     Acting P. J.


SLOUGH
                                    J.

9